UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Innovative Custom Brands, Inc.,

                Plaintiff,

—v—

Henry Minor, *et al.*,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 5 2016

15-CV-2955 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

In this action, Plaintiff brings fraudulent conveyance, unjust enrichment, and breach of fiduciary duty claims against Defendants, who have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 1, 6. For the reasons articulated below, Defendants' motion to dismiss is GRANTED.

## I. BACKGROUND[1]

Plaintiff Innovative Custom Brands, Inc. is a footwear-manufacturing company. Comp. ¶¶ 1-2. Defendants Henry H. Minor, Sr., Henry H. Minor, Jr., and Cathy Minor are shareholders and officers of non-party PW Minor & Son, Inc. ("the Company"), a footwear-distributing company. *Id.* ¶¶ 3-8. The instant dispute arises from a debt of $239,617 allegedly owed to Plaintiff by the Company in connection with an order for 14,500 pairs of shoes. *Id.* ¶ 18.

Until recently, the Company's assets were encumbered by liens held by M&T Bank. *Id.* ¶ 11. In August 2013, Plaintiff was notified by Defendants that "the Company was in serious financial distress." *Id.* ¶ 12. Specifically, Plaintiff was informed that M&T Bank had reduced

---

[1] The following facts are taken from the Complaint and assumed true for the purpose of the motion to dismiss. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

the Company's credit line and that Defendants intended to sell the Company. *Id.* In March 2014, Defendants again advised Plaintiff that the Company would either be sold or its assets liquidated. *Id.* ¶ 15. In August 2014, M&T Bank foreclosed on the Company's assets and sold those assets to a third-party buyer. *Id.* ¶ 20. This buyer has continued the Company's business as "PW Minor & Sons" despite disclaiming liability for the Company's prior debts, including the debt owed to Plaintiff. *Id.* ¶¶ 20-21.

During the Company's period of financial distress from approximately mid-2013 to mid-2014, Plaintiff alleges that Defendants "improperly secreted and/or removed substantial amounts of funds from the Company for their own pecuniary benefit, including materially raising their own compensation." *Id.* ¶ 23. Plaintiff further alleges that prior to the Company's foreclosure, the Company had sufficient funds to pay its creditors, including Plaintiff. *Id.* ¶ 19. In light of these allegations, Plaintiff sued Defendants in federal court in January 2015 for fraudulent conveyance, unjust enrichment, and breach of fiduciary duty. *See* 15-CV-456 (AJN), Dkt. No. 1 (S.D.N.Y. Jan. 21, 2015). In March 2015, Plaintiff voluntarily dismissed that action without prejudice and instead filed a complaint in New York Supreme Court. *See* 15-CV-2955 (AJN), Dkt. No. 1 Ex. A at 20 (S.D.N.Y. April 16, 2015). In April 2015, Defendants removed the case back to federal court pursuant to 28 U.S.C. § 1441(a) and filed the instant motion to dismiss pursuant to Rule 12(b)(6).[2] *Id.*; Dkt. No. 6.

## II.   LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion, a court must "accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *See Kassner v. 2nd*

---

[2] Plaintiff argues that Defendants' "procedural gamesmanship" requires the Court to deny the motion to dismiss. Opp. Br. at 7, 9. Because Defendants were entitled to remove Plaintiff's lawsuit under 28 U.S.C. § 1441(a) and to move to dismiss pursuant to Rule 12(b)(6), the Court finds this argument without merit.

*Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). As a general rule, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Unlike other claims, allegations of fraud or mistake are subject to a heightened "particularity" pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake."). To meet this threshold, a plaintiff must ordinarily specify the "particulars" of the alleged fraud, including "the time, place, particular individuals involved, and specific conduct at issue." *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002) (citing *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986)).

### III. DISCUSSION

Plaintiff alleges that Defendants are liable for actual fraudulent conveyance, constructive fraudulent conveyance, unjust enrichment, and breach of fiduciary duty. The Court will address each of these claims in turn.

#### A. Actual Fraudulent Conveyance

New York law prohibits actual fraudulent conveyances, which are defined as any "conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors." N.Y. Debt. & Cred. Law ("DCL") § 276 (McKinney 2009). As with any allegation of fraud, a plaintiff bringing a claim under § 276 must satisfy Rule 9(b). *See In re Sharp Int'l*

3

*Corp.*, 403 F.3d 43, 56 (2d Cir. 2005). The entirety of Plaintiff's factual allegation regarding the actual fraudulent conveyance claim is as follows:

> Upon information and belief,[3] both prior to and following the Asset Sale, the Defendants transferred to themselves, and/or to their family members or affiliates, and/or to a family trust . . . substantial funds and assets belonging to the Company, all at a time when the Company was insolvent, without fair consideration for those transfers, and with the actual intent to hinder, delay or defraud the Company's creditors. . . . Specifically, Plaintiff has been advised that between the latter half of 2013, and the first half of 2014, [Defendants] unlawfully and improperly secreted and/or removed substantial amounts of funds from the Company for their own pecuniary benefit, including materially raising their own compensation, to the detriment of the Company's creditors.

Comp. ¶¶ 22-23.

In this recitation, Plaintiff fails to plead with specificity when, how often, or in what amounts the allegedly fraudulent conveyances took place. Instead, Plaintiff alleges generally that the transfers occurred sometime during the approximately twelve months "between the latter half of 2013[] and the first half of 2014" and that the amount of "funds and assets" transferred was "substantial." *Id.* Plaintiff's failure to plead "the time, place, . . . and specific conduct at issue" with more particularity fails to satisfy Rule 9(b) and requires dismissal of the § 276 claim. *See United Feature Syndicate, Inc.*, 216 F. Supp. 2d at 221 (citing *Luce*, 802 F.2d at 54) (dismissing fraudulent conveyance claim because plaintiffs failed to allege "the property that was allegedly conveyed [or] the timing and frequency of those allegedly fraudulent conveyances"); *see also Watson v. Riptide Worldwide, Inc.*, No. 11-CV-0874 (PAC), 2012 WL 383946, at *9 (S.D.N.Y. Feb. 7, 2012) (dismissing claims under DCL § 276 for failure to "specify when the defendants executed the Transfers [or] the amounts of the Transfers").

---

[3] "Despite the generally rigid requirement that fraud be pleaded with particularity, allegations may be based on information and belief when facts are peculiarly within the opposing party's knowledge." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990). However, this does not constitute "license to base claims of fraud on speculation and conclusory allegations" and a plaintiff must nevertheless "adduce specific facts supporting a strong inference of fraud." *Id.*

4

### B. Constructive Fraudulent Conveyance

In addition to actual fraudulent conveyances, New York law prohibits constructive fraudulent conveyances, defined as conveyances "made without 'fair consideration'" if (1) "the transferor is insolvent or will be rendered insolvent by the transfer in question"; (2) "the transferor is engaged in or is about to engage in a business transaction for which its remaining property constitutes unreasonably small capital"; or (3) "the transferor believes that it will incur debt beyond its ability to pay." *In re Sharp Int'l Corp.*, 403 F.3d at 53 (citing DCL §§ 273-275). For the reasons articulated above, Plaintiff's failure to adequately plead the "particulars," such as date, frequency, and amount, of the challenged transfers does not satisfy Rule 9(b) for the constructive fraudulent transfer claim. *See United Feature Syndicate, Inc.*, 216 F. Supp. 2d at 221 (citing *Luce*, 802 F.2d at 54). Additionally, Plaintiff fails to adequately plead the existence of any situation in which the construc/tive fraudulent conveyance doctrine is applicable.

#### 1. Insolvency

DCL § 271 defines insolvency as the "probable liability on . . . existing debts" exceeding "the present fair salable value of . . . assets." DCL § 271(1). An adequate pleading of insolvency "requires some sort of 'balance sheet' . . . information . . . that the Court can use to infer that the corporation's liabilities exceeded their assets *at the time the transfers took place*." *In re Trinsum Grp., Inc.*, 460 B.R. 379, 392 (Bankr. S.D.N.Y. 2011) (emphasis added).

Plaintiff alleges that the transfers took place "between the latter half of 2013[] and the first half of 2014," but that M&T Bank did not foreclose on the Company until August 2014. Comp. ¶¶ 20, 23. While Plaintiff does allege that the Company was experiencing "serious financial distress" as of August 2013, *see id.* ¶ 12, it does not provide any "balance sheet" information to suggest "that the corporation's liabilities exceed[ed] [its] assets at the time the

5

transfers took place." *In re Trinsum Grp., Inc.*, 460 B.R. at 392-93 (finding net income and cash flow figures alleged in the complaint insufficient to adequately plead insolvency). In fact, Plaintiff alleges that "prior to M&T Bank's foreclosure action [in August 2014] . . . the Company had more than sufficient funds with which to pay its creditors." *Id.* ¶ 19. As a result, Plaintiff fails to adequately plead that the Company's liabilities exceeded its assets at the time of the transfers, and thus fails to adequately plead insolvency.

### 2. Unreasonably Small Capital

Under DCL § 274, "the plaintiff must plead facts supporting the allegation that at the time of the transfers, the [defendant] was engaged in or about to engage in a business or transaction that would leave it with unreasonably small capital." *In re Operations NY LLC.*, 490 B.R. 84, 98 (Bankr. S.D.N.Y. 2013). This test reaches entities that are "technically solvent but doomed to fail." *MFS/Sun Life Trust-High Yield Series v. Van Dusen Airport Servs. Co.*, 910 F. Supp. 913, 944 (S.D.N.Y. 1995). As noted above, Plaintiff fails to specify the dates of the transactions in question and alleges that the Company had sufficient assets to pay its creditors during the relevant period. Comp. ¶¶ 19, 22-23. For this reason, Plaintiff fails to allege that at the time of the transfers, Defendants were engaged in a business transaction that would leave the Company with unreasonably small capital. *See In re Operations NY LLC.*, 490 B.R. at 98 (dismissing claims where defendant had assets and continued operations for several months after the challenged transactions).

### 3. Inability to Pay

A transfer is a constructive fraudulent conveyance under DCL § 275 if "the person making the conveyance . . . intends or believes that he will incur debts beyond his ability to pay as they mature." Demonstrating liability under this provision "requires proof of the transferor's

6

subjective intent or belief that it will incur debt it cannot pay at maturity." *See In re Operations NY LLC.*, 490 B.R. at 98. Because Plaintiff "does not allege any facts relating to [Defendants'] intent to incur debt that [they] believed [they] would be unable to pay," it fails to adequately plead a violation of DCL § 275. *Id.*

As Plaintiff does not allege the "particulars" of the challenged transfers and does not adequately plead insolvency, unreasonably small capital, or inability to pay, its constructive fraudulent conveyance claims are dismissed.

### C.     Unjust Enrichment

A claim for unjust enrichment under New York law requires three elements: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)). If an unjust enrichment claim is "premised on fraudulent conduct," it is subject to Rule 9(b)'s particularity requirement. *See Welch v. TD Ameritrade Holding Corp.*, No. 07-CV-6904 (RJS), 2009 WL 2356131, at *22 (S.D.N.Y. July 27, 2009) (quoting *Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 311 (Bankr. S.D.N.Y.1999)); *see also Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996)) (Rule 9(b) applies if "the gravamen of the complaint is plainly fraud"); *Hines v. Overstock.com, Inc.*, No. 09-CV-991 (SJ), 2013 WL 4495667, at *11 (E.D.N.Y. Aug. 19, 2013) (collecting cases applying Rule 9(b) to unjust enrichment claims).

Here, the factual basis for Plaintiff's unjust enrichment claim is the same as the factual basis for the fraudulent conveyance claim. *See* Comp. ¶ 55 ("By reason of their Fraudulent Transfers of the Company's funds and other assets, . . . Defendants have been unjustly

enriched."). As a result, "the gravamen of [Plaintiff's] complaint is plainly fraud" and Rule 9(b) applies to the unjust enrichment claim. *See Rombach*, 355 F.3d at 172 (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d at 1405 n.2); s*ee also Welch*, 2009 WL 2356131, at *22.

Plaintiff alleges that at some point between mid-2013 and mid-2014, Defendants "improperly secreted and/or removed substantial amounts of funds from the Company for their own pecuniary benefit, including materially raising their own compensation." Comp. ¶ 23. As discussed above, Plaintiff does not allege with any specificity the "particulars" of the challenged transactions, namely the amount of funds that the Defendants received or the dates of the transfers. *Id.* ¶¶ 22-23. As a result, Plaintiff fails to meet the Rule 9(b) requirements for an unjust enrichment claim premised on fraud and that claim must be dismissed. *See Ross v. Thomas*, No. 09-CV-5631 (SAS), 2010 WL 3952903, at *7 (S.D.N.Y. Oct. 7, 2010) (dismissing unjust enrichment claim for failure to allege "how much money was transferred" or "when the funds were used"); *Sgaliordich v. Lloyd's Asset Mgmt.*, No. 10-CV-03669 (ERK), 2012 WL 4327283, at *13 (E.D.N.Y. Sept. 20, 2012) (dismissing unjust enrichment claim for failure to plead "specifics as to the dates" and amounts at issue).

D.   **Breach of Fiduciary Duty**

Unlike Plaintiff's other claims, the breach of fiduciary duty claim does not involve any allegation of "fraud or mistake" and is thus not governed by Rule 9(b). *See* Fed. R. Civ. P. 9(b). Instead, Plaintiff's allegations of breach of fiduciary duty need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

8

Breach of fiduciary duty under New York law has three elements: "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages." *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004). "Under New York law, creditors are owed a fiduciary duty by officers and directors of a corporation only when the corporation is insolvent." *Cohain v. Klimley*, No. 08-CV-5047 (PGG), 2010 WL 3701362, at *21 (S.D.N.Y. Sept. 20, 2010) (quoting *RSL Commc'ns PLC v. Bildirici*, 649 F.Supp.2d 184, 202 (S.D.N.Y. 2009)). As discussed above, Plaintiff has not adequately alleged that the Company was insolvent at the time of the challenged transfers. As a result, Plaintiff fails to "state a claim to relief that is plausible on its face" with regard to breach of fiduciary duty and that claim is dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's claims are dismissed with prejudice. The Clerk of Court is directed to close the case. This resolves Dkt. No. 6.

SO ORDERED.

Dated: January 25, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge